# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORION ETHANOL, INC., a Nevada Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| GARY C. EVANS, Individually; | ) ) |
| GREENHUNTER ENERGY, INC., a Delaware Corporation; | ) ) ) |
| | ) Case No. 08-1180-JTM-DWB |
| GREENHUNTER BIOFUELS, INC., a Texas Corporation; | ) ) ) |
| GREENHUNTER BIOPOWER, INC., a Delaware Corporation; and | ) ) ) |
| WEST COAST ASSET MANAGEMENT, INC., a California Corporation, | ) ) ) |
| Defendants. | ) ) |

### DEFENDANT-COUNTERCLAIMANT GARY C. EVANS' MOTION FOR SUMMARY JUDGMENT FOR ORDER REQUIRING ADVANCEMENT OF DEFENSE COSTS BY PLAINTIFF

Defendant-Counterclaimant Gary C. Evans ("Evans"), files this motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on his counterclaim (Doc. No. 40) for declaratory relief that he is entitled to advancement of his defense costs from Orion and an order of specific performance requiring Orion to advance defense costs, including appropriate orders issued in a summary proceeding.

Orion has sued Evans for the stated sum of over $600 million, based upon acts or omissions that Evans allegedly committed as a director or officer of Orion in 2006 and 2007. Orion's bylaws unambiguously provide in Article V for mandatory advancement of defense costs to Evans. Evans has complied with the condition precedent to such advancement in the bylaws

by providing Orion with a signed undertaking, stating that he will reimburse such advancement in the event that it is ultimately determined that he is not entitled to indemnification. Under the terms of Orion's bylaws, as well as applicable law, Orion is required to advance Evans' defense costs.

Evans timely made demand upon Orion for advancement of defense costs in this action. Orion's attorney has anticipatorily breached such requirement by indicating that Orion will not make any advancement of defense costs. In so doing, Orion's attorney relies upon provisions in a separate and purported indemnification contract that are not at issue. Orion's attorney also raises irrelevant issues such as whether it is in Orion's financial interest to provide the advancement it is required to provide.

Orion is a Nevada corporation. Pursuant to Section 78.751 of the Nevada Revised Statutes Annotated, the advancement obligation required by Orion's bylaws is enforceable. The statute is similar to Delaware and Kansas statutes that have been interpreted by the courts as requiring advancement. The courts recognize that the right secured by advancement is of little value if it is not enforced in an early summary proceeding. The entire point of the advancement is that the directors and officers should not be required to bear the costs on the front end of a case and, if the advancement is not recognized, then the right is of little value. Indemnification and advancement of defense costs are two separate and distinct rights, and the Kansas and other courts have determined that fact issues about indemnification should be deferred to the end of the case, whereas this summary proceeding is the appropriate vehicle to enforce the advancement right.

Evans incorporates by reference the Declaration of Gary C. Evans, attached as Exhibit 1 and exhibits in support of the same, attached as Exhibits A through F; the Declaration of Craig A. Haynes, attached as Exhibit 2; and the Memorandum of Law and exhibits in support of same,

attached as Exhibits A through D, filed concurrently with this motion. Evans seeks the following relief:

1. An order from this Court issuing a summary declaration that Orion is required to advance Evans' defense costs in this matter, including the fees and expenses invoiced and allocated to Evans thus far in the amount of $60,753.80. The redacted invoices are attached to the Declaration of Gary C. Evans (Exhibit 1) as Exhibit F thereto, and counsel for Evans has made an allocation of these fees and expenses in the Declaration of Craig A. Haynes, attached as Exhibit 2 to this motion. Evans suggests that the order should provide that copies of invoices redacted to eliminate any attorney-client privilege and work product shall be forwarded to Orion's counsel and that payment is due within 30 days of Orion's counsel's receipt of the invoice. In the event that Orion claims that billings are unreasonable, it may at that point raise objection with the Court, but in order to prevent it from delaying payment of bills by prophylactic raising of such objections, no payment may be discontinued unless Orion first obtains an order disallowing a part of the payment.

In the alternative, in the event the Court wishes to have more direct oversight over the payment, Evans suggests that the Court set up a similar procedure adopted by Judge Robinson in the case of *Westar Energy, Inc. v. Douglas T. Lake*, in the United States District Court for the District of Kansas, Case No. 05-4116-JAR, attached as Exhibit A to Defendant-Counterclaimant Evans' Memorandum of Law in Support of Motion for Summary Judgment, which provides as follows:

(1) Orion will pay Evans' legal fees and expenses within thirty (30) days of receipt, including the invoices attached to Evans' Declaration (Exhibit 1) as Exhibit F thereto, and allocated in the Declaration of Craig A. Haynes, attached as Exhibit 2 to this motion.

3

(2) If Orion believes a particular charge or disbursement is unreasonable, it may (a) within ten days of receipt of the bill, specify by letter to Evan's counsel the charges or disbursements to which it objects, along with specific reasons for the objections; (b) timely pay the portion of the bill to which it does not object; and (c) should the parties fail to settle within ten days, Orion may submit a challenge to the magistrate judge under seal along with its reasons.

Given the fact that in this case, unlike *Westar*, Orion has unreasonably failed to acknowledge any advancement obligation, Evans suggests that if such an oversight procedure is conducted, it would be appropriate to make provisions that, at a minimum, all of Orion's objections must be filed in good faith, and that sanctions could issue for the bad faith use of objections as a mechanism to simply avoid making timely advancement.

WHEREFORE, Evans prays that this Motion for Summary Judgment for Order Requiring Advancement of Defense Costs by Plaintiff be granted, and for such other and further relief to which he may be entitled.

Respectfully submitted

*s/James M. Armstrong*
James M. Armstrong, #09271
Michael J. Norton, #18732
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316-267-6371
316-267-6345 (fax)
jarmstrong@foulston.com
mnorton@foulston.com

and

        Craig A. Haynes, Texas Bar #09284020
*Admitted Pro Hac Vice*
THOMPSON & KNIGHT L.L.P.
1722 Routh Street, Suite 1500
Dallas, TX 75201-2533
214-969-1700
214-969-1751 (fax)
craig.haynes@tklaw.com

*Attorneys for Defendants, Gary C. Evans, GreenHunter Energy, Inc., GreenHunter BioFuels, Inc. and GreenHunter BioPower, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

| | |
|---|---|
| David A. Rameden | drameden@shb.com |
| Joseph M. Rebein | jrebein@shb.com |
| Sarah T. Lepak | slepak@shb.com |
| Zach Chaffee-McClure | zmcclure@shb.com |
| SHOOK, HARD & BACON L.L.P. | |
| 2555 Grand Boulevard | |
| Kansas City, MO 64108-2613 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Brian R. Markley | bmarkley@stinson.com |
| Paul E. Donnelly | pdonnelly@stinson.com |
| STINSON MORRISON HECKER LLP | |
| 1201 Walnut, Suite 2900 | |
| Kansas City, MO 64106-2150 | |
| *Attorneys for Defendant,* | |
| *West Coast Asset Management, Inc.* | |

        *s/James M. Armstrong*
        James M. Armstrong, #09271