# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ORION ETHANOL, INC., a Nevada Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-1180-JTM-DWB ) |
| GARY C. EVANS, Individually; *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Now before the Court is Defendant Gary Evans' Motion to Compel Production of Documents (Doc. 107).  Plaintiff has filed a response in opposition (Doc. 121) and Defendant has replied (Doc. 137).  Having reviewed the submissions of the parties, the Court is prepared to rule on Defendant's Motion.

## BACKGROUND

Plaintiff Orion Ethanol, Inc. is a publically-traded, Nevada corporation "that is engaged in developing and selling renewable energy resources" and "enhancing the recovery and production from existing oil fields through the use of CO2." (Doc. 29, at ¶¶ 1, 24.)  Defendant GreenHunter Energy, Inc. ("Defendant GH Energy") is a Delaware corporation.  (*Id*., at ¶ 3).  Defendant Gary Evans

("Defendant Evans" or "Defendant") is an individual who currently serves as Chairman and CEO for Defendant GH Energy. (*Id*., at ¶¶ 2-3.) He also served as CEO for Plaintiff from July 18, 2007, until July 18, 2008. (*Id*., at ¶ 12.) Prior to that, he served as a director for Plaintiff. (*Id*., at 13.)

Defendant GreenHunter Biofuels, Inc., a Texas corporation ("Defendant GH Biofuels), and Defendant GreenHunter Biopower, Inc., a Delaware corporation ("Defendant GH Biopower"), are both wholly-owned subsidiaries of Defendant GH Energy. (*Id*., at ¶¶ 5, 7, 8, 10). Defendant Evans serves on the Board of Directors for both of these Defendants, also. (*Id*., at ¶ 6.) Defendant West Coast Asset Management, Inc. ("Defendant WCAM") is a California corporation, which, as of June 2007, was the second largest shareholder of Defendant GH Energy. (*Id*., at ¶¶ 11, 14.)

Plaintiff brought the present diversity action before the Court seeking civil damages for claims of breach of fiduciary duty, fraud, breach of contract, and civil conspiracy and tortious interference with business expectancy, all under state law. (*Id*., at ¶ 16.) In its most simple terms, Plaintiff's case basically alleges that Defendant Evans used his position with Plaintiff to usurp certain of Plaintiff's corporate opportunities for himself and/or for the benefit of the other Defendants. (*See id.*, at 22-44.) Plaintiff also alleges that Defendant Evans breached duties he

owed to Plaintiff, as well as his contract with Plaintiff, during business dealings involving the other Defendants to the benefit of himself and the other Defendants. (*Id*.)  Defendants' Answer includes a counter-claim by Defendant Evans seeking advancement of his defense costs, which he contends is required by Plaintiff's bylaws.  (Doc. 40, at ¶¶146-150.)

Currently pending before the District Court in this matter is Defendant Evans' Motion for Summary Judgment for Order Requiring Advancement of Defense Costs by Plaintiff.  (Doc. 53.)  In that motion, Defendant Evans argues that, because Plaintiff has sued him for alleged acts and omissions committed while he was a director or officer of Plaintiff, Plaintiff's bylaws require it to advance him defense costs.  (Doc. 54, at 2.)  Plaintiff answered that it is not liable to Evans for his defense costs under its "properly-enacted" bylaws.  (Doc. 51, at 2.)  Plaintiff also contends that it does not have sufficient funds to advance the costs to Defendant Evans, even if so ordered by the District Court.  (Doc. 74, at 3.)

The Requests for Production at issue were served by Defendants Evans, GH Energy, GH Biofuels, and GH Biopower on December 5, 2008, as a result of defenses raised by Plaintiff in response to Defendant Evans' Motion for Summary Judgment. (Doc. 80.)  The requests seek copies of the fee and cost billings Plaintiff has received from its counsel in this case, Shook, Hardy & Bacon, LLP, as

well as the fee contract between Plaintiff and its counsel. (Doc. 107-2, at 5.) Defendant contends these documents are "germane to this matter due to [Plaintiff's] allegation that it is unable to advance Defendant Gary Evans' defense costs as required by law." (Doc. 107, at 1.) The parties have discussed their discovery disputes and have arrived at a partial compromise. The issues remaining before the Court are 1) whether Plaintiff should be required to supplement the production of its billing statements/information on an on-going basis; and 2) whether nonprivileged portions of Plaintiff's attorney fee agreement with counsel are discoverable. (Doc. 137, at 4.)

    Plaintiff, in an attempt to compromise, provided Defendants with remittance copies of monthly billing statements from Plaintiff's counsel from the inception of this matter in August 2008 through January 2009, which show the amount billed by counsel and the amount paid by Plaintiff. (Doc. 121, at 2, 5.) Defendant Evans is "satisfied with Plaintiff's prior production of redacted billing statements and remission pages." (Doc. 137, at 2.) Defendant contends, however, this production is insufficient because Plaintiff has indicated it will not supplement production of the billing statements in the future. (Doc. 107-4, at 5-10; *see also* Doc. 137, at 2.) Defendant states that the information can be provided by Plaintiff via verified interrogatory answers (showing the amount Plaintiff has paid to counsel, including

dates and amounts paid, as well as any unpaid balance) or the remittance copy of monthly fee statements, either of which would be supplemented every three months. (Doc. 137, at 4.)

Plaintiff argues that the supplementation issue is premature. (Doc. 121, at 12-13.) Plaintiff argues that, at a minimum, the Court should defer its decision on relevancy until after the District Court's ruling on Defendant Evans' pending summary judgment motion relating to the advancement of fees." (*Id*., at 13.) Plaintiff also argues that it is premature for Defendant to move compel Plaintiff to provide the information until such a time as Plaintiff has failed to make a required supplementation. (Doc. 121, at 13.) Defendant replies that an on-going supplementation of the remittance sheets is necessary – and the information is relevant – because "[w]hether Plaintiff pays its attorneys at any time in the future is relevant to the veracity of its statement that it is financially unable to pay Mr. Evans' attorney's fees in this litigation." (Doc. 137, at 3.)

Defendant argues Plaintiff's fee agreement with counsel is relevant to the extent it contains "some kind of delayed or alternative payment arrangement, or even no payment obligation whatsoever." (Doc. 107, at 5.) In other words, if the terms of Plaintiff's fee agreement do not presently require payment, production of the remittance statements showing that Plaintiff has made no payments to counsel

5

provides no evidence of whether Plaintiff *can* pay its counsel.  Plaintiff responds that its attorney billing agreement with counsel "is a unique, alternative fee arrangement which is inextricably intertwined with the mental impressions of counsel and memorializes attorney-client communications."  (Doc. 121, at 1.)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."  ***Snowden***

***By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991)

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

***Johnson v. Kraft Foods North America, Inc***., 238 F.R.D. 648, 653 (internal citation omitted).

The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence. ***Teichgraeber***, 932 F.Supp. at 1266 (citing ***Josephs v. Harris Corp.***, 677 F.2d 985, 992 (3rd Cir.1982)). "Courts should lean towards resolving doubt over relevance in favor of discovery." ***Id***. (citing ***Corrigan v. Methodist Hosp.***, 158 F.R.D. 54, 57 (E.D. Pa.1994)).

Plaintiff contends, in part, that the information requested is irrelevant because it has been requested prematurely. (*See* Doc. 121, at 8-15.) Citing ***Thompson v. Ediger***, No. 05-1033-WEB, 2005 U.S. Dist. LEXIS 23926 (D. Kan.

7

Oct. 18, 2005), Defendant argues that the issue of attorneys fees is not premature because Plaintiff's obligation to advance Defendant's defense costs is "[d]irectly at issue." (Doc. 107, at 4.) Defendant's reliance on *Thompson v. Ediger* is misplaced. In *Thompson*, the District Court found that attorneys fees and billings were relevant because the plaintiff was a practicing attorney who was making a claim for lost income. 2005 U.S. Dist. LEXIS 23926, at *3-4. The information sought in *Thompson* was therefore relevant to a party's income history and did not relate to amounts a party had paid or been billed by their counsel. The Court fails to see how the *Thompson* holding is even arguably analogous to the claim for attorneys fees in this case.

Further, Defendant concedes that the requested discovery "is likely rendered moot" in the event that the District Court grants summary judgment on his counter-claim and requires Plaintiff to advance his defense costs. (Doc. 137, n. 11.) Defendant argues, however, that he is "entitled to investigate the veracity of Plaintiff's alleged inability to pay" while the motion for summary judgment remains pending. (*Id.*) Defendant has made no showing, however, as to why such an on-going investigation is necessary or relevant to the determination of his summary judgment motion. Defendant did not even seek the requested information until *after* he filed his motion for summary judgment. Plaintiff asks,

> [i]f Evans' basis for discovering [counsel's] fee and billing information is to test the truth of [Plaintiff's] statement that it is not able to advance [Plaintiff's] defense costs, and whether [Plaintiff] is obligated to do so is the subject of a pending motion for summary judgment, how is that different from seeking to discover attorneys' fees information before a determination that fees can be awarded? There is no difference.

(Doc. 121, at 12-13.) The Court finds Plaintiff's analogy to be much more persuasive than that advanced by Defendant's reliance on *Thompson*.

Given the summary judgment motion pending before the District Court on the issue of advancement of defense costs – and Defendant's concession that the requested production would likely be rendered moot should the District Court grant summary judgment – the Court finds that Plaintiff has sufficiently established that the information requested by Defendant Evans is premature and, therefore, *per se* irrelevant to the issues currently before the Court. Defendant's motion is, therefore, **DENIED without prejudice** subject to potential renewal at a later date should Defendant(s) establish that the issue of discoverability of these documents has ripened.[1]

---

[1] Because the Court has denied Defendant Evans' motion to compel on the basis of relevance and/or prematurity, the Court has not addressed the issue of whether the requested information is privileged, as argued by Plaintiff.

9

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 107) is **DENIED without prejudice** as set out in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 15th day of June, 2009.

        s/ DONALD W. BOSTWICK
        DONALD W. BOSTWICK
        United States Magistrate Judge