IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC.
    Plaintiff,

vs.                                                  Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
    Defendants.

MEMORANDUM AND ORDER

        This case comes before the court on defendant Gary Evans' motion for summary judgment for an order requiring advancement of defense costs by Orion. (Dkt No. 53). Orion Ethanol, Inc. ("Orion") filed its complaint on June 16, 2008 naming Evans as one of the defendants. (Dkt. No. 1). Evans filed an answer and a counterclaim against plaintiff Orion. (Dkt. No. 40). Orion filed a memorandum in opposition to Evans' motion for summary judgment. (Dkt. No. 74).

        Evans alleges that he is entitled to: 1) full indemnification from Orion; 2) recovery of his costs of defense, including attorneys' fees; 3) declaratory relief that he is indemnified and entitled to advancement of his defense costs from Orion; and 4) an order of specific performance requiring Orion to advance defense costs (Dkt. No. 40 at 12-13). Orion opposes Evans' motion, asserting: 1) Evans does not have standing to ask for his defense costs; 2) Evans failed to prorate or allocate the amounts for his defense in relation to GreenHunter's ("GH") portion ; 3) Evans relies on the

1

Amended Bylaws to support his claim for attorneys fees, but the Amended ByLaws were not properly enacted and are invalid and void; 4) Evans entered a separate Indemnification Agreement in November 2006, which expressly limited any right to advancement of defense costs if Evans was sued directly by Orion; 5) the extreme redaction of the submitted invoices makes it impossible to determine the reasonableness of the amounts claimed or whether they were incurred only in defense of Evans; and 6) Orion does not have funds available to cover Evans' defense costs. (Dkt. No. 74 at 2-3 & 14).

Orion is a Nevada corporation with its headquarters in Kansas. Evans served as Orion's CEO from October 23, 2006 until July 18, 2007 and on the board of directors from October 23, 2006 until October 4, 2007. Evans serves as Chairman and CEO for GreenHunter Energy, Inc. ("GH Energy"); on GreenHunter BioFuels, Inc.'s ("GH BioFuels") board of directors; on GreenHunter BioPower, Inc.'s ("GH BioPower") board of directors, and he resides in Texas. GH Energy, Inc. is a Delaware corporation with its principal place of business in Texas. GH BioFuels is a Texas corporation whose principal place of business is Texas. GH BioPower is a Delaware corporation with its headquarters in Texas. GH BioPower is a wholly-owned subsidiary of GH Energy.

There is no dispute among the parties that the October 16, 2006 Amendment to the Bylaws provides for advancement of funds. However, Orion alleges the April 2006 Bylaws, which do not provide for advancement, are the only valid and enforceable bylaws. According to Orion, the April 2006 Bylaws provide two mechanisms for amendment: 1) a majority vote of the shareholders; or 2) a majority vote of the Board. (Dkt. No. 74 at 8). Orion argues that since there was no vote on the October 16, 2006 Amendment at the October 23, 2006 Board Meeting, or any subsequent board meeting, then the only valid and enforceable bylaws are the April 2006 Bylaws.

Evans maintains the April 2006 Bylaws provide three ways to amend: 1) a majority vote of the shareholder; 2) a majority vote of the Board of Directors; and 3) "[a]ny action required to be taken or which may be taken at a meeting of the Board of Directors, may be taken without a meeting of the Directors, if a consent in writing setting forth the action so taken shall be signed by all directors." (Dkt. No. 74-4 at 4). Any action that can be taken by a board of directors at a meeting may be taken without a meeting if all the members of the board provide written consent, unless otherwise restricted by a corporation's articles of incorporation or bylaws. Nevada Revised Statutes Annotated (NRS) § 78.315(2). Patrick Barker was Orion's sole Director from August 2006 until October 23, 2006. Evans maintains that Orion amended its Articles of Incorporation (the "Amended Articles") on October 10, 2006, via the Written Consent signed by Patrick Barker. (Dkt. No. 74-7) Article V of the Amended Articles provides in relevant part:

> The corporation shall pay any expenses reasonably incurred by a director or officer in defending a civil or criminal action, suit, or proceeding in advance of the final disposition of such action, suit, or proceeding upon receipt of an undertaking by or on behalf of such director to repay such amount if it shall ultimately be determined that he or she is not entitled to be indemnified by the Corporation under this Article or otherwise. (Dkt. No. 53-2 at 15-16)

Orion's Bylaws did not specify any other precondition to advancement other than execution of a signed undertaking. On July 11, 2008, Evans signed an undertaking for the advancement of legal fees and expenses incurred in connection with being a defendant in this lawsuit. Orion replied in a letter dated July 25, 2008, that it will not be advancing any funds to Evans. Evans is not receiving indemnity for his defense expenses from any insurer, nor has any insurer agree to pay the expense. The GH Indemnity Agreement does not obligate GH to advance Evans' defense costs, since he was not sued in his corporate status as an officer or director of GH, but as an officer or

director of Orion. Orion concedes that a party has standing to seek advancement if the party who advances the legal bills does so voluntarily. (Dkt. No. 74 at 18). GH has been voluntarily advancing Evans' defense costs.

Orion and Evans entered into an Independent Director's Contract with an Indemnification Agreement. The Indemnification Agreement contains a provision limiting advancement. However, it also provides that the indemnity and advancement provisions of the agreement are not exclusive of any rights Evans may have under the October 2006 Bylaws. The Indemnification Agreement provides:

> The provisions for indemnification and advancement of expenses set forth in this Agreement shall not be deemed to be exclusive of any other rights that the Indemnitee may have under any provision of the law, the Company's Amended Articles of Incorporation or Amended and Restated Bylaws, the vote of the Company's shareholders or disinterested directors, other agreements or otherwise, both as to action in her official capacity and action in another capacity while occupying her position as a director or officer of the Company. (Dkt. No. 74-10 at 12).

Summary Judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d

1319, 1323 (10th Cir.1987). In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.' " *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita* ). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Kansas and Nevada have enacted statutory provisions enabling companies to advance officers and directors costs of defending civil and criminal actions. (Kan.Stat.Ann. §17-6305(e) and Nev. Rev. Stat. Ann. §78.751(2)). Nevada makes a clear distinction between indemnification and advancement of defense costs. (NRS. §78.751 and 78.7502) (no precondition to advancement of expenses except execution of a signed undertaking).

Orion has cited no case supporting its argument that the Written Consent which Barker is insufficient to amend the bylaws. The 2006 Bylaws provided written consent as one way to amend the bylaws. Therefore, the October 10, 2006, Amended Articles are controlling on the issue of advancement of defense costs.

5

According to Orion, the Indemnification Agreement limits Evans' right to advancement of defense costs and does not require advancement of defense costs when the litigation is brought by Orion against Evans. (Dkt. No. 74 at 11). Orion cites no case holding that the Indemnification Agreement negates the Amended Articles. In fact, the Indemnification Agreement specifically refers to the fact that it was not exclusive of any rights under the Amended Articles or Bylaws. The Amended Articles clearly provide a right to advancement of defense costs.

Orion does not provide factual support for its allegation that the defense expenses Evans requested are incurred principally, if not incurred entirely by GH. Evans provided a sworn statement from the lead attorney representing him that specifies the costs submitted are attributable only to Evans. There is no factual support for Orion's allegation that Evans lacks standing because he is entitled to have his legal expenses paid by GH. Evans admits that GH has been voluntarily advancing his defense costs but is under no legal obligation to do so. (Dkt. No. 85 at 19). The court finds Evans has standing to sue for his legal expense. *Schoon v. Troy Corp*, 948 A.2d 1157, 1175-76 (Del. Ch. 2008).

Orion's next assertion is that the redacted invoices make it impossible to ascertain what work was being done and for whom. The court finds that the sworn statement from defense counsel regarding the allocation of costs and the attendant invoices are sufficient notice to Orion without revealing attorney work product. Orion's last claim is that it does not have adequate cash on hand to advance the funds to Evans for his defense costs. As Evans correctly points out in his brief, a legal obligation to advance the funds is not negated by a lack of cash. Orion provided no legal support for its inadequate cash argument.

There is no genuine issue as to any material fact of whether Orion has an obligation to advance Evans' defense costs.  Within 30 days of this order,  Orion is ordered to pay the $60,753.80 bill that Evans submitted for legal services rendered.  Evans is to submit any future legal services bills to Orion, and Orion has 30 days from receipt to make payment or to assert within 10 days of receipt what amounts are contested and why.

IT IS ACCORDINGLY ORDERED this 29th day of July, 2009, that Evans' Motion for Summary Judgment Requiring the Advancement of Defense Costs by Orion (Dkt. No. 53) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE