IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION  ETHANOL, INC.
     Plaintiff,

vs.                                                                Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
     Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendants GreenHunter Energy, Inc.'s ("GH Energy"),

GreenHunter BioFuels Inc.'s ("GH Biofuels") and GreenHunter BioPower, Inc.'s ("GH BioPower")

motion to dismiss for lack of personal jurisdiction.  (Dkt. No. 55).  Plaintiff Orion Ethanol alleges

two claims against the GreenHunter defendants: 1) Count VII civil conspiracy, among all defendants

and 2) Count IX tortious interference with business expectancy against GH Energy and Gary Evans.

(Dkt. No. 29 at 39 and 42).  The GreenHunter ("GH") defendants maintain there is no personal

jurisdiction since they have little, if any, contact with the State of Kansas and the causes of action

alleged do not relate to the defendants' contacts with the State of Kansas.  (Dkt. No. 56 at 2).

Orion is a Nevada corporation with its headquarters in Kansas.  Evans served as Orion's

CEO from October 23, 2006 until July 18, 2007, and on the board of directors from October 23,

2006 until October 4, 2007.  Evans serves as Chairman and CEO for "GH Energy"; on "GH

BioFuels" board of directors; on "GH BioPower" board of directors, and he resides in Texas.  GH

1

Energy, Inc. is a Delaware corporation with its principal place of business in Texas.  GH BioFuels is a Texas corporation whose principal place of business is Texas.  GH BioPower is a Delaware corporation with its headquarters in Texas.  GH BioPower is a wholly-owned subsidiary of GH Energy.

GH does not maintain any offices or comparable facilities in Kansas.  They do not have telephone listings or mailing addresses in Kansas.  GH does not have bank accounts or personal or real property in Kansas.  They have not paid income or real property taxes in Kansas and do not hold board or shareholder meetings in Kansas.  GH does not have officers, directors or employees residing or domiciled in Kansas.  They do not solicit any business by advertising via newspaper, radio, television or billboard in Kansas.

Orion alleges that all the defendants conspired a plan whose object was to weaken Orion, acquire or divert its assets and opportunities, and ultimately gain control and ownership of Orion. (Dkt. No. 29 at 39).  Orion asserts in Count VII that "GH Energy, GH Biofuels and GH Biopower tortiously interfered with Orion's opportunities and expectancies and GH Energy, GH Biofuels and GH Biopower conspired with Evans to breach his fiduciary duties and breach his contract with Orion." and in Count IX that "GH Energy wrongfully interfered with Orion's expectation of obtaining capital financing . . . and exploiting confidential information obtained from Evans." (Dkt. No. 29 at 39-40 and 42-43).

The GH defendants (GH Energy, GH BioFuels and GH BioPower) deny ever having personal contacts with the State of Kansas and challenge the complaint as failing to allege sufficient activities on their part as to sustain personal jurisdiction.  Orion opposes the motion arguing that "[GH] shared its CEO with a company headquartered in Kansas and the claims are wholly related

to and intertwined with a failed merger that GreenHunter and Evans initiated with a Kansas-based company and where before and during the merger negotiations GH had significant contacts with Kansas." (Dkt. No. 76 at 2). Orion also proposes that since Kansas recognizes "conspiracy jurisdiction," then GH is deemed to have purposely availed itself to Kansas through the contacts of its co-conspirators, Evans and West Coast Asset Management, neither of which challenges jurisdiction over them. (Dkt. No. 76 at 2). Orion further asserts that Evans' Kansas-directed contacts are sufficient to establish personal jurisdiction, and that other GH representatives' Kansas-directed contacts throughout the merger negotiations are more than minimum. (Dkt. No. 76 at 11).

The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established: the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). Prior to trial, however, when the court decides a motion to dismiss for lack of jurisdiction on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The court must take the allegations in the complaint as true to the extent that they are uncontroverted by the defendants' affidavits. Well-pled facts, as opposed to conclusory allegations, are accepted as true if uncontroverted by the defendants' affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1508-09 (10th Cir. 1995). If the parties present conflicting affidavits, the court resolves all factual disputes in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *Behagen v. Amateur Basketball Ass'n of the United States,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010 (1985) (citations omitted); *Key Industries, Inc. v. O'Doski, Sellers & Clark, Inc.,* 872 F.Supp. 858, 860-61 (D.Kan.1994).

In analyzing a motion to dismiss for lack of personal jurisdiction, the court must conduct a two-part inquiry.  First, it must determine if the defendants' conduct falls within one of the provisions of the forum state's long arm statute, which in this case is Kan.Stat.Ann. § 60-308(b). Second, the court must determine whether the defendants had sufficient "minimum contacts" with the forum state to satisfy the constitutional due process requirements.  *Equifax Services., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990); *Electronic Realty Associates., L.P. v. Paramount Pictures Corp.,* 935 F.Supp. 1172, 1175 (D.Kan.1996).

Plaintiff relies on K.S.A. § 60-308(b)(1)(B) and cases that have interpreted it for support of its argument that "if one conspirator commits acts in Kansas in furtherance of the conspiracy and that conspirator falls under the act, jurisdiction can be obtained as to all conspirators."  *Merriman v. Crompton Corporation*, 282 Kan. 433, 464, 146 P.3d 162, 181 (2006) (citing *Professional Investors Life Ins.Co. v. Roussel*, 445 F.Supp. 687 (D.Kan. 1978).  The Kansas long arm statute is construed liberally to allow personal jurisdiction to the full extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1305 (10th Cir.1994).  The constitutional touchstone of due process is "whether the defendant purposely established 'minimum contacts' in the forum state."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))**.**  "It is critical to the due process analysis . . . that the defendant' s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).

A plaintiff meets the minimum contacts requirement by showing that 1) the defendant purposely availed itself of the privilege of conducting activities within the forum state-thereby

4

invoking the benefits and protections of the state's laws and 2) the claims against him arise out of or relate to those contacts. *Burger King Corp.* at 472; *Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996). The Tenth Circuit has endorsed a three-part test to determine whether a nonresident defendant's contacts with the forum state are strong enough to justify an exercise of personal jurisdiction. *See Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1419 n.6 (10th Cir.1988). First, the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum. Second, the claim must be one which arises out of or results from the defendant's forum-related activities. Finally, the quality and nature of the defendant's contacts must be such that it is reasonable, in the context of our federal system of government, to require the defendant to appear in the forum state. *Id.; Marcus Food Co. v. Family Foods of Tallahassee, Inc.,* 729 F.Supp. 753, 757-58 (D.Kan.1990).

A defendant can establish contacts with the forum state sufficient to support jurisdiction in one of two ways. Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport Und Freizeitgerate AG,* 102 F.3d 453, 455 (10th Cir.1996). General jurisdiction lies even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1533 (10th Cir.1996). However, general contacts are sufficient only if they are systematic, substantial, and continuous. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). Since the plaintiff only alleges that GH's contacts are sufficient to give rise to specific jurisdiction, the court will not discuss general jurisdiction.

Kansas may assert specific jurisdiction over the GH defendants if they purposefully directed activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "[T]here [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction as the result of another party's unilateral acts. *Id.*; *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995).

Orion argues that the court has jurisdiction over GH based on the following: 1) GH shared its CEO with a company headquartered in Kansas; 2)  the claims are wholly related to and intertwined with a failed merger that GH and Evans initiated with a Kansas-based company; 3) GH had significant contacts with Kansas before and during the merger negotiations; 4) GH is deemed to have purposely availed itself to Kansas through the contacts of its co-conspirators, Evans and West Coast Asset Management, neither of which challenges jurisdiction over them, since Kansas recognizes "conspiracy jurisdiction" 5) Evans' Kansas-directed contacts are sufficient to establish personal jurisdiction and 6) GH representatives' independent contacts with Kansas throughout the merger negotiations are more than minimum.

Orion did not cite authority and the court has found none which supports the proposition that GH's sharing a CEO with a company headquartered in Kansas would be sufficient to grant this court jurisdiction.  By way of contrast, courts have found that the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the

forum State. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state. *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719, 727 (10th Cir. 1984). The only reasonable conclusion is that simply sharing a CEO with a company headquartered in a different state does not rise to the level of establishing jurisdiction over the out-of-state company.

GH claims that their activities in Kansas related to the failed merger are wholly unrelated to the causes of action asserted against them. Plaintiff's First Amended Complaint does not assert any claim for the failed merger. Plaintiff has asserted only two claims against the GH defendants: 1) GH Energy, GH BioFuels and GH BioPower tortiously interfered with Orion's opportunities and expectancies and GH Energy, GH BioFuels and GH BioPower conspired with Evans to breach his fiduciary duties and breach his contract with Orion and 2) GH Energy wrongfully interfered with Orion's expectation of obtaining capital financing and exploited confidential information obtained from Evans. GH maintains that since the plaintiff did not plead any claims arising out of or related to the failed merger between the parties, the GH defendants' activities in Kansas related to the failed merger do not give rise to the proper exercise of personal jurisdiction.

The parties agree that in 2007 they discussed a merger possibility. Orion representatives traveled to Texas to tour a refinery that GH Energy was purchasing. Orion representatives traveled to California to tour a facility that GH maintains it was acquiring, while Orion alleges they went to California to explore the possibility of acquiring the facility for itself. On July 13, 2007, the merger was terminated. The plaintiff alleges that GH employees made multiple visits to Kansas as part of the merger negotiations and that GH employees and officers regularly communicated with Orion

7

sending emails and making telephone calls to the State of Kansas.  (Dkt. No. 76 at 2).  The court does not find it reasonable to conclude that Kansas has jurisdiction over the GH defendants based on their merger communications, some of which originated/terminated in Kansas.  The plaintiff did not allege the failed merger as a claim but wants the court to rely on the merger contacts to establish personal jurisdiction.  Plaintiff claims that the merger was part of a larger conspiracy to deprive Orion of certain corporate opportunities and to extort it into surrendering control of Orion.  (Dkt. 76 at 3).  Orion does not allege facts to support this conclusory statement nor does it cite a case that supports the assertion that the merger is so closely related to or intertwined with the conspiracy allegation to warrant using it to establish jurisdiction.

The application of conspiracy jurisdiction under the facts of this case is not supported by Kansas law.  Plaintiff cites *Merriman v. Crompton Corp.* to support its position that specific jurisdiction can be established against GH based on the conspiracy claim.  (See Dkt. No. 76 at 14-16).  In *Merriman*, the Kansas Supreme Court relied on the "stream of commerce" theory to show that tires manufactured using the component parts provided by the various defendants, once injected into the stream of commerce, could conceivably end up being sold to purchasers in Kansas.  Plaintiff has not alleged that the consequences of any alleged conspiracy between the GH defendants would have foreseeable consequences in Kansas.  Plaintiff complains that the GH defendants conspired with Evans to enable GH Energy to purchase the Channel Refinery and the Mesquite Lake facilities that Evans was supposed to acquire on behalf of the plaintiff.  Neither facility is located in Kansas; one is in Texas and the other in California.  The court declines to find that a purchase transaction that takes place in Texas or California of property in Texas or California would have foreseeable consequences sufficient to assert conspiracy jurisdiction.

8

The plaintiff did not assert the necessary minimum contacts necessary to have "conspiracy jurisdiction" over the GH defendants.  There are no facts alleged that establish that GH agreed to participate in an illegal agreement with the other defendants or that Evans' activities in Kansas were committed in furtherance of a conspiracy.

Absent personal jurisdiction, the court cannot rule on the GreenHunter defendants' Motion to Dismiss for Failure to State a Claim (Dkt. No. 57), which is a motion on the merits, pursuant to Rule 12(b)(6).

IT IS ACCORDINGLY ORDERED this 29th day of July, 2009, that defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 55) is granted.

 s/ J. Thomas Marten          
J. THOMAS MARTEN, JUDGE

9