IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC.
    Plaintiff,

vs.                                                                           Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
    Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendant West Coast Asset Management, Inc.'s ("WCAM") motion to dismiss Counts VII and VIII of the First Amended Complaint. (Dkt. No. 48). Plaintiff Orion Ethanol alleges in Count VII that all the defendants engaged in civil conspiracy and in Count VIII that Evans and WCAM were unjustly enriched through a restricted stock agreement and the Senior Convertible Notes ("Notes"). (Dkt. No. 29 at 39 and 41). WCAM alleges that the plaintiff failed to state a claim upon which relief can be granted. (Dkt. No. 49 at 2).

Orion is a corporation with its headquarters in Kansas. Gary Evans serves as Chairman and CEO for GreenHunter Energy, Inc. ("GH Energy"); on GreenHunter Biofuels, Inc.'s ("GH Biofuels") board of directors; on GreenHunter Biopower, Inc.'s ("GH Biopower") board of directors and he resides in Texas. GH Energy, Inc. and GH Biofuels, Inc. are corporations whose principal place of business is Texas. GH Biopower, Inc., is a corporation whose principal place of business is California. GH Biopower is a wholly-owned subsidiary of GH Energy. WCAM is a corporation

1

whose principal place of business is California. Gary Evans served as Orion's CEO and as a director, but no longer holds either position. The parties are not in agreement as to the dates Evans served, but that is not dispositive for the motion before the court. WCAM was the second largest shareholder of GH Energy. The plaintiff alleges that Evans owns or controls 80% of GH Energy, but the defendants deny that assertion. WCAM is the managing member of West Coast Opportunity Fund, LLC, ("WCOF"), which is the holder of the Notes initially issued by Orion. WCOF is an investor at GH Energy. Orion does not have any contracts with WCAM.

Orion alleges that all the defendants conspired in a plan to weaken Orion, acquire or divert its assets and opportunities, and ultimately gain control and ownership of Orion. (Dkt. No. 29 at 39). Orion maintains "the plan included using Evans's position of trust as Orion's CEO to encumber it with onerous Notes; acquire its confidential information, usurp its investment opportunities; usurp its financing; persuade it not to register the Notes; and dupe Orion into a merger agreement they never intended to consummate under its original terms and then pressure Orion into accepting revised terms and revised Notes under threats of litigation and involuntary bankruptcy." (Dkt. No. 29 at 39-40). The plaintiff has two specific allegations against WCAM: 1) "in negotiating the Notes and during the attempted revision of merger terms, defrauded Orion and conspired with Evans to breach his fiduciary duties and breach his contract with Orion;" (Dkt. No. 29 at 40; and 42-42)

> "Orion conferred benefits upon Evans and WCAM, through the restricted stock agreement and the Notes. [I]t would be inequitable for WCAM to retain benefits it derives from the revised terms on Notes owned by the funds it controls, as they were the product of numerous breaches of fiduciary duties by Evans, aided and abetted by WCAM and the fraudulent conduct of both." (Dkt. No 29 at 41-42).

"To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th

Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990)). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary,* 163 F.3d 1150, 1152 (10th Cir.1998).

Defendant contends that plaintiff's claims of conspiracy are fatally conclusory, independently warranting dismissal of the § 1983 claims against all defendants. Conspiracy allegations are insufficient to state a claim for relief if they are conclusory in nature and unsupported by facts. *See Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (dismissing § 1983 claim against public defenders on grounds that the conspiracy allegations were conclusory and unsupported by facts). For a conspiracy claim, a plaintiff  "must allege specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998); *see also Salehpoor v. Shahinpoor,* 358 F.3d 782, 789 (10th Cir.2004) (requiring plaintiff to allege by direct or circumstantial evidence that defendants had meeting of minds or agreement). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich,* 159 F.3d at 533 (quotation omitted); *see also Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1214 (10th Cir.2003) (holding conclusory conspiracy allegations are not sufficient to state a constitutional claim); *Eden v. Voss,* 105 Fed.Appx. 234, 2004 WL 1535829, *9 (10th Cir. July 9, 2004).  A

3

plaintiff must allege specific acts showing the agreement and concerted action among the identified defendants who participated in the conspiracy including the participants of the agreement, the content of the agreement itself, and the acts of the identified defendants who took overt action toward the agreement's execution to establish a conspiracy. *Tonkovich* at 533 (10th Cir.1998); *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994); *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230-31 (10th Cir.1990).

The Subscription Agreement, Note and associated documents contain a choice of law provision that designates New York law as governing. *See* Subscription Agreement (Dkt. No. 49-3 at 25-26); Note (Dkt. No. 49-4 at 8-9); Registration Rights Agreement (Dkt. No. 49-5 at 16). Under Kansas choice of law principles, contractual provisions designating governing law are generally enforced. *O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188, 1194 (10th Cir. 2004) (citing *Brenner v. Oppenheimer & Co.*, 44 P.3d 364, 375, 273 Kan. 525, 539 (Kan. 2002)). New York law governs Orion's unjust enrichment claim against WCAM.

An essential element of an unjust enrichment claim is that the plaintiff enriched or conferred a benefit upon the defendant. *Gueye v. UPS, Inc.*, No. 035096 CVN 2006, 2008 WL 2120711, at *6 (N.Y. Civ.Ct. Mar. 12, 2008); *Mai v. Youtsey*, 231 Kan. 419, 422, 646 P.2d 475, 479 (Kan. 1982). Where a valid contract exists, a quasi-contract theory such as unjust enrichment is not available. *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 210 (S.D.N.Y. 2008) (granting defendant's motion to dismiss an unjust enrichment claim, holding that "[w]hen a valid, enforceable contract covers the relationship between the parties, New York law does not permit recovery pursuant to unjust enrichment or quantum meruit theories"); *Vitale v. Steinberg*, 764 N.Y.S.2d 236 (N.Y.A.D. 2003) (the existence of an express contract governing the subject matter of plaintiff's claims bars the unjust

4

enrichment cause of action as against the individual defendant, notwithstanding the fact that they were not signatories to that agreement); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987) (affirming dismissal of quasi-contract claim under New York law, stating that the "existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter"); *Montgomery v. Sprint Spectrum, L.P.*, No. 07-2227-JTM, 2007 WL 3274833, at *7 (D.Kan. Nov. 6, 2007) (granting defendant's motion to dismiss an unjust enrichment claim, holding under Kansas law that "[an unjust enrichment] claim is without foundation where the relations between the parties are independently governed by an express contract"); *Ice Corp. v. Hamilton Sundstrand, Inc*. 444 F.Supp.2d 1165, 1170 (D. Kan. 2006) (granting defendant's motion to dismiss an unjust enrichment claim brought under Kansas law because the written agreement between the parties determines their respective rights).

The First Amended Complaint contains only broad allegations of conspiracy. Plaintiff's factual allegations do not allege the when, where, or how that WCAM entered into a conspiratorial agreement. The plaintiff contends "that defendants conspired a plan whose object was to weaken Orion, acquire or divert its assets and opportunities and ultimately gain control and ownership of Orion." (Dkt No. 29 at 39). The plaintiff asserts that "WCAM, in negotiating the Notes and during the attempted revision of merger terms, defrauded Orion and conspired with Evans to breach his fiduciary duties and breach his contract with Orion." (Dkt. No. 29 at 40). There are no allegations regarding interaction between WCAM and GH Biofuels, Inc. or GH Biopower, Inc. The plaintiff failed to allege specific facts in the amended complaint that tend to show an agreement and concerted action among the defendants, or among the defendants and others. Read liberally, the

5

amended complaint states only conclusory allegations of conspiracy, which are insufficient to state a claim for relief. Therefore, dismissal of Count VII as to WCAM is appropriate.

WCAM maintains that Orion's unjust enrichment claim against it must be dismissed for two reasons: 1) Orion premises its claim on the Note, an actual contract and where a contract exists, a quasi-contract theory such as unjust enrichment is not available and 2) Orion has failed to plead an essential element of the claim, specifically that Orion conferred a benefit on WCAM.

Orion asserts that it conferred benefits on WCAM through the restricted stock agreement and Notes. (Dkt. No. 29 at 41). Orion alleges that WCAM derived benefits from the revision to the terms of Notes owned by WCOF. The revisions were a change in the ratio at which the Note value could be converted into Orion common stock. (Dkt. No. at 22). Orion alleges that WCOF received stock warrants but does not allege that WCAM received any. Orion does not assert that WCOF or any other Note Holder converted the Notes and received stock.

As an initial consideration, plaintiff's claim under Count VIII suffers from the same defect which dooms Count VII. The plaintiff is asserting a quasi-contract theory, unjust enrichment, but relies on an express contract (the Notes) to support its claim. The controlling law is that "[e]xistence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). Therefore, the plaintiff has not stated a claim as a matter of law against WCAM. However, as a further consideration, even if plaintiff could assert an unjust enrichment claim, it has not alleged what benefits WCAM received from the Notes or the revision to the Notes. Plaintiff states that WCAM received benefits, but did not specify what

those benefits were and how WCAM received them. Therefore, dismissal of Count VIII as to WCAM is appropriate.

The court finds that the plaintiff has failed to state a claim for relief in Count VII and VIII.

IT IS ACCORDINGLY ORDERED this 29th day of July 2009, that defendant's Motion to Dismiss Counts VII and VIII (Dkt. No. 48) is granted.

        s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE