IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC.
    Plaintiff,

vs.                                                                   Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
    Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Orion's motion to file a second amended complaint. (Dkt. No. 243). The defendants filed memorandums in opposition on September 8, 2009. (Dkt. Nos. 268 & 271). Counsel for the parties appeared before the court and presented arguments on October 7, 2009.

The procedural history to this litigation is worthy of a brief summary. Orion filed its Complaint on June 16, 2008. (Dkt. No. 1). On August 11, 2008, defendant West Coast Asset Management, Inc. ("WCAM") moved to dismiss the conspiracy and unjust enrichment claims asserted against it. (Dkt. No. 23). Orion filed its First Amended Complaint as to all defendants on August 21, 2008. (Dkt. No. 29). WCAM filed its motion to dismiss Counts VII and VIII on October 13, 2008. (Dkt. No. 48). On October 17, 2008, GreenHunter Energy, Inc; GreenHunter Biofuels, Inc; and GreenHunter Biopower, Inc. (GH) filed their motion to dismiss for lack of jurisdiction. (Dkt. No. 55). The court issued an order on July 29, 2009, granting WCAM's motion to dismiss Counts VII and VIII of the First Amended Complaint for failure to state a claim (Dkt. No. 237) and

GH's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 234). On August 12, 2009, Orion filed a motion for leave to file a second amended complaint and a motion to reconsider pursuant to Fed.R.Civ. P. 59(e). (Dkt. Nos. 243 & 245). This court denied Orion's motion to reconsider on December 22, 2009.

Orion waited over eleven months from the filing of its first amended complaint before seeking leave to amend; and it argues new evidence as grounds for the amendment. However, Orion admits that it had the majority of the evidence in its possession, but did not read/see/analyze it (or in Orion's words, it has only recently "synthesized" the discovery to allow it to more fully develop its theories (Dkt. No. 244 at 1)) until after the court's order of dismissal. WCAM alleges that the "new evidence" was in Orion's possession as of March 2009, at the latest, but maintains production as early as October 17, 2008. By way of example, WCAM notes that some of the new allegations purport to be based on Orion's personal knowledge, e.g. ¶¶ 162, 238 & 252 of the proposed Second Amended Complaint. (Dkt. No. 271 at 14). Evans and GH maintain the "new evidence" was in Orion's possession from June 2008, the beginning of the case. Orion also acknowledges that it was not prevented from filing a motion for leave to amend in May, prior to the court's ruling on the motions to dismiss. At the October 7, 2009 hearing Orion admitted that it thought about filing a motion to amend in May, but did not do so, nor notify the court or opposing counsel that such a motion was under consideration. However, Orion alleges that it was effectively prevented from filing a motion for leave to amend in May since Evans and GH were without counsel. That argument carries little weight with the court in light of the record that Orion still served discovery requests during the period when the defendants were without counsel. (Dkt. Nos. 197, 198, 207 & 212).

Evans and GH's counsel was allowed to withdraw on May, 6, 2009, and the entry of appearance by new counsel occurred on July 10, 2009. (Dkt. Nos. 193 & 219).

The Tenth Circuit has repeatedly and unequivocally held that, "'[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).'" *The Tool Box, Inc. v. Ogden City Corp*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Seymour v. Thornton,* 79 F.3d 980, 987 (10th Cir.1996); *see also Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985); *Combs v. PriceWaterhouse,* 382 F.3d 1196, 1205 (10th Cir. 2004); *Knox v. First Sec. Bank,* 206 F.2d 823, 826 (10th Cir.1953); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 1489, at 692-93, 693 n. 1 (2d ed.1990) (citing *Cooper,* 780 F.2d at 29). Other circuits have also so held. *See, e.g., Ciralsky v. CIA,* 355 F.3d 661, 673 (D.C.Cir.2004); *Ahmed v. Dragovich,* 297 F.3d 201, 208 (3d Cir.2002); *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir.2002); *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir.2000); *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996); *Garner v. Kinnear Mfg. Co.,* 37 F.3d 263, 270 (7th Cir.1994); *Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.1994); *Nat'l Petrochemical Co. v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir.1991).

"'To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.'" *Tool Box*, 419 F.3d at 1087 (quoting *6 Wright & Miller*, § 1489, at 694). "The fact that a party desiring to amend after judgment has been entered is obliged first to obtain relief from the judgment imposes some important restrictions on the ability to employ Rule 15(a)*." Id.* "Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there

3

must be an end finally to a particular litigation." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal citations and quotations omitted). This wariness is heightened when the losing party seeks the amendment many months after his initial filing, the amendment is not based on new evidence, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of summary judgment. *Id.*

"Fed.R.Civ.P. 15(a) provides that a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served. Recognized pleadings are listed in Fed.R.Civ.P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer. Ordinarily, a motion to dismiss is not deemed a responsive pleading. *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir.1985). Consequently, Orion could have amended as of *right* after it received the motions to dismiss and prior to the court's decision. Orion failed to exercise its right to amend and chose instead to stand on its complaint.

Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "[T]his mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). While a matter resting within the court's sound discretion, leave cannot be denied without offering any justification. *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th

4

Cir.1987). Factors relevant in deciding a motion for leave to amend include: "whether the amendment will result in undue prejudice, whether the request was unduly and inextricably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed." *State Distributors, Inc. v. Glenmore Distilleries,* 738 F.2d 405, 416 (10th Cir.1984); *see also Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230. For the purpose of quick reference, the four relevant factors are undue prejudice to the other party, undue delay, bad faith, and futility of amendment. In exercising its discretion, the court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th ir.1987); *see Foman,* 371 U.S. at 181, 83 S.Ct. at 229.

"The usual liberality in granting leave to amend is curbed when the amendment would cause the opposing party undue prejudice. *DCD Programs,* 833 F.2d at 186. Under Rule 15, prejudice "'means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Federal Deposit Ins. Corp. v. Berr,* 643 F.Supp. 357, 359 (D.Kan.1986) (quoting *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3rd Cir.1969)). Any amendment invariably causes some "practical prejudice," but leave to amend is not denied unless the amendment would work an injustice to the defendants. *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971); *see also UNR Industries, Inc. v. Continental Ins. Co.,* 623 F.Supp. 1319, 1325 n. 2 (D.Ill.1985). The burden of showing prejudice rests with the party opposing the amendment. *Berr,* 643 F.Supp. at 359.

However, in this case, the court has previously set a deadline for filing motions to amend in a prior scheduling order and that date has not been extended by the court. (Dkt. No. 232.). Therefore, the deadline for filing motions to amend – December 1, 2008 – expired approximately

seven months before Orion's present motion to amend was filed. Accordingly, the court will treat Orion's motion as a motion to amend the Scheduling Order to allow a late filing of an amended complaint. *See Denmon v. Runyon,* 151 F.R.D. 404, 407 (D.Kan.1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed.R.Civ.P. 16(b)).

Amendments to the Scheduling Order are not freely given. Fed.R.Civ.P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the ... magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. *Denmon,* 151 F.R.D. at 407. Lack of prejudice to the nonmovant does not establish good cause. *Deghand v. Wal-Mart Stores, Inc.,* 904 F.Supp. 1218, 1220 (D.Kan.1995).

"The addition of new parties and new claims may complicate proceedings. *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 752 (10th Cir.1975). A change in theory alone is not an adequate ground for denying an amendment, unless it also causes prejudice to the defendants. *Ward Electronics Service v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir.1987).

"It is within the court's discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party. *First City Bank v. Air Capitol Aircraft Sales,* 820 F.2d 1127, 1137 (10th Cir.1987). *But see R.E.B. Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir.1975) ("Lateness does not of itself justify the denial of the amendment."). Courts look to the reasons for the delay and the presence of excusable neglect or not. *Gates Learjet,* 823 F.2d at 387. Leave to amend may be denied "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* (citations

6

omitted). Stated another way, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *211 State Distributors*, 738 F.2d at 416 (citation omitted).

On the record before it, the court can find no reason why Orion should not have known of the new claims or the evidence prior to its other amended complaint or even its original complaint. Orion's failure to include known facts and theories in its First Amended Complaint or its original Complaint, and its delay in asserting them until after the dismissals were granted demonstrates undue delay by plaintiff, and prejudice to defendants.

Defendants allege they have spent hundreds of thousands of hours defending and litigating the claims and theories in the First Amended Complaint. Many of the key witnesses have been deposed. If amendment is allowed, defendants will need to re-depose persons to weed out the new claims. (Dkt. No. 268 at 15). Defendants maintain the proposed Second Amended Complaint would add new claims and fundamentally modify dismissed claims. (Dkt. No. 271 at 5). If leave to file the proposed Second Amended Complaint is granted, it would: 1) inject numerous claims against WCAM; 2) add a new claim against Evans; and 3) add four new claims against GH. (Dkt. No. 271 at 20).

After the court granted the motions to dismiss, Orion could amend its complaint only by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a); *O'Bryan v. Chandler,* 352 F.2d 987, 990 (10th Cir.1965), *cert. denied,* 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1966). Orion filed a motion under Rule 15(a) in conjunction with a motion to amend the judgment under Fed.R.Civ.P. 59(e). Orion is asking this court for leave to file a second amended complaint. The

7

court agrees with the defendants' assessment of the proposed Second Amended Complaint as adding new claims and fundamentally modifying dismissed claims. Defendants oppose this motion alleging that it will drastically alter the course and direction of this lawsuit (Dkt. No. 268 at 1) and will severely and unduly prejudice the defendants. (Dkt. No. 268 at 1 & Dkt. No. 271 at 1).

The final scheduling order in this case directs that fact discovery will be completed on November 1, 2009, and sets the final pretrial conference for January 6, 2010. (Dkt. No. 232). The court believes the filing of the second amended complaint would make these dates unattainable and would substantially delay the trial of this case. Significant discovery has been undertaken in reliance that the First Amended Complaint set forth Orion's theories and positions on the case. Over 100,00 documents have been produced and numerous depositions have been taken. (Dkt. No. 268 at 2). The proposed Second Amended Complaint adds 300 hundred additional allegations and three entirely new claims. (Dkt. No. 268 at 3); (see also Dkt. No. 242 Ex. A). The court finds that Orion's claims represent a substantial departure from its previously represented intentions and encompass more issues than could have ever been reasonably anticipated from the original Complaint or the First Amended Complaint. The sheer breadth of Orion's new allegations will cause an overwhelming burden and is unduly prejudicial to the defendants.

Orion's present motion must fail because Orion failed to carry its burden of establishing good cause for amendment of the scheduling order as of this late date to allow another amendment of its complaint. Even applying only the standards in Rule 15, the court would deny Orion's motion to amend because of undue delay and bad faith in seeking amendment and the undue prejudice which would result to defendants. Based on the foregoing, any discussion by the court regarding the futility of the amendment would be superfluous.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2009, that plaintiff's motion for leave to amend (Dkt. No. 243) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE