IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC.
    Plaintiff,

vs.                                    Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's motion to reconsider filed on August 12, 2009. (Dkt. No. 245). The defendants responded to the motion on September 8, 2009. (Dkt. Nos. 267 and 270). Counsel for the parties appeared before the court and presented arguments on October 7, 2009. After reviewing the parties' submissions, and considering counsels' arguments, the court denies Orion's motion because it fails to establish any grounds justifying such relief.

Orion filed its Complaint on June 16, 2008. (Dkt. No. 1). On August 11, 2008, defendant West Coast Asset Management, Inc. ("WCAM") moved to dismiss the conspiracy and unjust enrichment claims asserted against it. (Dkt. No. 23). Orion filed its First Amended Complaint as to all defendants on August 21, 2008. (Dkt. No. 29). WCAM filed its motion to dismiss Counts VII and VIII on October 13, 2008. (Dkt. No. 48). On October 17, 2008, defendants GreenHunter Energy, Inc., GreenHunter BioFuels, Inc. and GreenHunter BioPower, Inc. (collectively, "GH")

filed their motion to dismiss for lack of jurisdiction. (Dkt. No. 55). The court issued an order on July 29, 2009, granting defendant West Coast Asset Management, Inc.'s ("WCAM") motion to dismiss Counts VII and VIII of the First Amended Complaint (Dkt. No. 237) and GH's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 234).

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. *Buell v. Security General Life Ins. Co.,* 784 F.Supp. 1533, 1535 (D.Colo.1992), *aff'd,* 987 F.2d 1467 (10th Cir.1993), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). A motion to alter or amend is directed not at initial consideration, but reconsideration. *Buell,* 784 F.Supp. at 1535. Such reconsideration is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd ,* 770 F.2d 98 (7th Cir.1985). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482 (D.Kan. 1994), *aff'd,* 43 F.3d 1484 (10th Cir.1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

Orion alleges: 1) that the court has misapprehended its conspiracy claims; 2) misapplied Kansas law by limiting *Merriman v. Crompton Corporation*, 282 Kan. 433 (2006) to "stream of commerce" cases and 3) it learned additional facts that lend greater specificity to its claims. (Dkt. No. 250 at 2). Orion maintains the First Amended Complaint properly stated a claim, and in the

2

alternative, it could plead a viable claim with the new evidence it discovered if the court permits a second amended complaint.

After careful review of the record, the court finds that relief under Rule 59(e) is not appropriate in this case because Orion's motion essentially reargues issues previously resolved by this court's earlier order, and no relief for such reargument is contemplated by Rule 59(e). Orion failed to show how the court's orders reflect a misapprehension of its position, the facts, or the applicable law, or that it now possesses evidence which it could not have previously presented in due diligence. After a careful review of the record, the court finds that: 1) there is no new evidence and 2) the court did not misapprehend the facts, plaintiff's position or the controlling law.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2009, that plaintiff's motion to reconsider (Dkt. No. 245) is denied.

    s/ J. Thomas Marten  
    J. THOMAS MARTEN, JUDGE