IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC.
    Plaintiff,

vs.                                                                     Case No. 08-1180-JTM

GARY C. EVANS;
GREENHUNTER ENERGY, INC.;
GREENHUNTER BIOFUELS, INC.;
GREENHUNTER BIOPOWER, INC.;
WEST COAST ASSET MANAGEMENT, INC.,
    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on defendant Gary Evans's motion to dismiss pursuant to Rule 41(b) filed on September 8, 2009. (Dkt. No. 265). Orion, the plaintiff, filed a response to the motion on October 1, 2009. (Dkt. No. 297). Counsel for the parties appeared before the court and presented arguments on October 7, 2009. Counsel for the parties also appeared via conference call on October 15, 2009, and presented arguments. After reviewing the parties' submissions, and considering counsels' arguments, the court grants Evans's motion to dismiss.

Orion filed its complaint on June 16, 2008. (Dkt. No. 1). On October 17, 2008, Evans filed a motion for summary judgment regarding the advancement of his defense costs by the plaintiff. (Dkt. No. 53). Orion then filed a memorandum in opposition to Evans's motion. (Dkt. No. 74). The court issued an order on July 29, 2009, granting Evans's motion for summary judgment requiring advancement of defense costs by Orion. (Dkt. No. 233). The court ordered Orion to pay Evans $60,753.80, for his previously incurred legal fees, by August 29, 2009. Orion did not seek

reconsideration of the order or appellate review, and has not paid any money towards Evans's legal fees.

Orion is a Nevada corporation with its headquarters in Kansas. Evans served as Orion's CEO from October 23, 2006 until July 18, 2007, and served on the board of directors from October 23, 2006 until October 4, 2007. The court found that Orion is required to advance Evans's legal fees pursuant to Orion's by-laws. Orion sent a letter dated August 28, 2009, to Evans's counsel indicating it would not be advancing any of Evans's legal fees. However, Orion indicated that at the conclusion of its lawsuit against Evans, it would pay Evans what is due either from the settlement proceeds or a judgment in its favor.

Orion alleges that it is financially unable to advance Evans's legal fees. (Dkt. No. 297 at 14). Orion made the financial inability assertion, as well as other assertions, in its memorandum in opposition to Evans's motion for summary judgment requiring Orion to advance the legal fees. (Dkt. No. 74 at 3). Orion provided no legal support for its claim that financial inability is a defense to a legal obligation to advance the funds.

Fed.R.Civ.P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. Rule 41(b) involuntary dismissals should be determined by reference to the criteria set out in *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir.1992); *Mobley v. McCormick,* 40 F.3d 337 (10th Cir.1994). When the district court considers dismissal as a sanction, the court should consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

2

*Ehrenhaus* at 921. These factors are not a rigid test but criteria for the court to consider prior to dismissing. *Id.*

With regard to the first factor, the court takes into consideration the amount of time the defendant's attorney has placed into the case, the delay in discovery caused by the plaintiff, and the incurrence of additional attorney fees by the defendant's attorney. The review of the record shows Evans's attorneys have a considerable amount of time and attorney fees in this case. At the October 7, 2009 hearing, Evans's attorneys indicated they have accumulated in excess of hundreds of thousands of dollars since the July 29, 2009 order that required Orion to pay $60,753.8 for previously incurred legal fees.

The second factor the court should consider is the amount of interference with the judicial process. The court ordered Orion to pay the previously incurred legal fees no later than August 29, 2009. Orion did not seek reconsideration of the order or appellate review, and did not pay any money towards the legal fees. Orion disregarded the order and continued forward with its case by filing memoranda, issuing subpoenas and taking depositions. Orion caused Evans to incur additional, substantial attorney fees.

The third factor the court can take into consideration is the culpability of the litigant. Orion continues to rely on its inability to pay, which this court previously found was not a legal defense to its obligation, to justify its failure to obey the court's order. The court finds Orion is culpable.

The fourth factor is whether the litigant had advance notice from the court that dismissal of the action would be a likely sanction for noncompliance. The court is not required to find that the party acted in bad faith, but only that it was an intentional act as opposed to accidental or involuntary. *Doe v. Cassel*, 403 F.3d 986, 990 (9th Cir. 2005). While the court did not give Orion

specific notice, it is reasonable that Orion would expect there would be some consequence to its failure to obey a court order, continuing forward causing Evans to incur additional, substantial attorney's fees. The court finds that Orion's failure to pay Evans's legal fees was an intentional act.

The fifth factor is the efficacy of lesser sanctions. The court may order the payment of reasonable expenses and attorney fees to the moving party, dismissal of the action, or refuse to allow the disobedient party to support or oppose designated claims or defenses. Fed.R.Civ.P. 37. Dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective. *Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988). The court is convinced lesser sanctions would not be effective.

The Kansas advancement statute allows corporations to enter into contracts providing the right of advancement. Kan. Stat. Ann. 17-6305(e). Kansas law on the public policy underlying the advancement statute is sparse, but there is considerable case law on the public policy concerning the Delaware advancement statute, the Kansas statute's acknowledged source. *See* Kan. Stat. Ann. § 17-6305 (Prior Laws and Source - 17-3010; 8 Del. C. § 145). *See, e.g.*, *Homestore, Inc. v. Tafeen*, 886 A.2 d 502, 505 (Del. June 8, 2005) (advancement must be made promptly to be of any value to the executive, otherwise its benefit is forever lost); *Westar Energy, Inc. v. Lake*, 502 F. Supp. 2d 1191, 1198-9 (D. Kan. 2007) (rejecting a requirement that an officer post a bond as a new condition for receiving continued advancement, finding it was improper as it would "in effect nullify [the officer's] right to advancement" and, further, observing that "by enacting the Articles in their liberal form, [the corporation] accepted the allocation of risk between itself and its officers").

Orion's proposed financial inability argument is similar to one that a Delaware court rejected in an unpublished opinion. *See Tafeen v. Homestore*, *Inc.*, C.A. No. 023-N, slip op. at 19,

4

2004 WL 556733 at *10 (Del. Ch, March 22, 2004) (a former officer sued a corporation seeking advancement of expenses, including attorney fees, and the corporation argued that by having to advance expenses to Tafeen, it would be placed in a position of severe financial hardship). The court found it need not reach the factual questions presented by Homestore because this argument, without more, is not a legally cognizable defense to advancement. *Id*. at *10. The court found that there is no case precedent, nor good reason, to interfere with the decision of the by-law drafters simply because the by-laws might cause the company financial hardship. *Id*. at *10.

Orion has proposed an equity argument that is similar to one that the Delaware court rejected. The Delaware court acknowledged that it was a court of equity, and was certainly sympathetic to the facts of the case, but noted one of the fundamental maxims of equity is that equity aids the vigilant, not those who slumber on their rights. *See Tafeen*, 2004 WL 556733 at *10. The court noted that Homestore had the right to lessen the credit risk posed by its advancement bylaw, but did not do so. *Id.* at *10.

Since Orion enacted by-laws that did not place limits on the advancement of legal fees, it is required to advance Evans the costs of his defense, and it has not met that contractual obligation. The court would be permitting Orion to benefit from its breach of contract if Orion is allowed to continue litigating its lawsuit against Evans without advancing his legal fees. Orion's undertaking to "advance" Evans his legal fees would be rendered a nullity, if it could wait until the conclusion of the case before providing any money to Evans.

Dismissing a case with prejudice serves at least two purposes. It penalizes the party whose conduct warrants the sanction and discourages "those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S.

5

639, 643 (1976). Orion could have provided that advancement of expenses was optional, or not permitted at all, but it made a contractual promise to provide advancement to Evans. This court ordered Orion to advance defense costs and Orion indicated it will not advance any money towards Evans's defense costs. The only remedy available to the court is to dismiss Orion's case against Evans.

IT IS ACCORDINGLY ORDERED this 22nd day of December, 2009, that Evans's motion to dismiss (Dkt. No. 265) is granted with prejudice.

  s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE