# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ORION ETHANOL, INC., a Nevada Corporation, )
)
)
Plaintiff, )
)
vs. ) Case No. 08-1180-JTM-DWB
)
GARY C. EVANS, Individually; *et al.,* )
)
Defendants. )
)

## MEMORANDUM AND ORDER

Now before the Court are the following motions:

1. Defendant Gary C. Evans and GreenHunter Defendants' Emergency Motion for Protective Order and supporting memorandum (Doc. 281, 282), and Plaintiff's response in opposition (Doc. 295).

2. Defendant Gary C. Evans and GreenHunter Defendants' Motion for Sanctions and supporting memorandum (Doc. 284, 285), Defendant West Coast's response (Doc. 293), and Plaintiff's response in opposition (Doc. 298).

3. Plaintiff's Motion to Compel Regarding First Requests for Production of Documents and First Set of Interrogatories to Gary Evans and supporting memorandum (Doc. 318, 319), Defendant Gary C. Evans' response in opposition (Doc. 330), and Plaintiff's reply. (Doc. 343.)

The court has deferred ruling on the above motions pending a ruling by the District Judge on related motions including a motion by Plaintiff for leave to file a

second amended complaint (Doc. 243), a motion by Plaintiff for reconsideration of a prior order dismissing the GreenHunter Defendants for lack of personal jurisdiction (Doc. 245), and a motion by Defendant Evans to dismiss Plaintiff's claims against him due to Plaintiff's inability to pay Evans' defense costs as required by a prior court order. (Doc. 265.) The District Judge has now refused to reconsider the jurisdiction ruling dismissing the GreenHunter Defendants (Doc. 367), has denied the motion for leave to file a second amended complaint (Doc. 366), and has ordered a dismissal of Plaintiff's claims against Defendant Evans because of Plaintiff's failure to pay court-ordered defense costs of Defendant Evans. (Doc. 368).

Having reviewed the submissions of the parties concerning the above motions, the Court is now prepared to rule on those motions. The Court is also prepared to approve the parties' suggested revised scheduling order which was presented at the October 7, 2009 hearing.

## **BACKGROUND**

1.  <u>Defendants' Motion for Protective Order.</u>

This motion by Evans and the GreenHunter Defendants seeks a protective

order precluding Plaintiff from pursuing any additional discovery upon them.[1]

Plaintiff responds that as to Evans, the motion should be summarily denied because Defendants did not comply with the requirement to meet and confer prior to filing any discovery motion. Plaintiff also argues that the motion should be denied on the merits because Defendant Evans has not shown good cause under Fed. R. Civ.P. 26(c), and because he makes no effort to identify how the discovery requests served on him are annoying, embarrassing, oppressive or require any undue burden or expense to answer. Plaintiff also argues that it should not be barred from seeking discovery against Evans simply because it is unable to pay Evans' defense costs as ordered by the court. Finally, Plaintiff seeks an award of costs pursuant to Fed.R.Civ.P. 37(a)(5).

As to the GreenHunter Defendants, Plaintiff again claims that the motion should be denied due to the Defendants' failure to meet and confer. In response to the argument that the GreenHunter Defendants have been dismissed and are no longer parties, Plaintiff argues that the order is not final because a motion for

---

[1] Defendants identify specific discovery served by Plaintiff including three deposition notices and one deposition subpoena all of which are directed to officers and or directors of the GreenHunter Defendants, and a second set of document requests served on both Evans and the GreenHunter Defendants. However, the request for a protective order is not limited to precluding only these specific discovery requests. Instead, Evans and the GreenHunter entities request that Plaintiff be precluded "from pursuing any additional discovery against them in this matter." (Doc. 281 at 3.)

reconsideration is pending, and further argues that it has filed a motion for leave to amend its complaint to add claims against the GreenHunter Defendants which related to the failed merger and that the motion to amend would "cure any concern over personal jurisdiction. . . ." (Doc. 295 at 12). Finally, Plaintiff seeks its costs under Fed.R.Civ.P. 37(a)(5).

2. Defendants' Motion for Sanctions.

This motion by Evans and the GreenHunter Defendants argues that Plaintiff has recently made a "document dump" which includes a large volume of documents that should have been produced long ago, and seeks the following sanctions: (a) precluding Plaintiff from using any documents included in the document dump at trial; (b) extending the deadlines for Defendants to designate experts for at least 60 days; (c) requiring Plaintiff to pay for all copy expenses related to the documents produced in its document dump; (d) precluding Plaintiff from engaging in any further discovery; and (e) striking Plaintiff's pending motion for leave to file a second amended complaint. (Doc. 284 at 3-4).

In its response, Plaintiff disputes the allegations about its alleged "document dump" and explains the reasons for the late production of certain electronic documents. (Doc. 298 at 7-11.) Plaintiff then argues that the motion should be denied on the procedural ground that Evans and the GreenHunter Defendants failed

to meet and confer prior to filing the motion as required by the federal and local rules[2] and because Plaintiff is supplementing its prior discovery pursuant to the rules, no motions to compel or for sanctions can be filed until the supplementation is completed. Finally, Plaintiff argues that Defendants have failed to show any prejudice due to Plaintiff's prior incomplete production of documents.

3.  Plaintiff's Motion to Compel against Gary Evans.

Plaintiff contends that Defendant Evans has failed to properly respond to interrogatories and document requests in several regards. As to interrogatory answers, Plaintiff argues that Evans (a) has improperly used Rule 33(d) in answering interrogatories; (b) completely failed and refused to answer some interrogatories; and (c) has improperly used boilerplate objections. As to document responses, Plaintiff argues that Evans (a) made privilege claims without submitted a privilege log; (b) improperly used general objections; c) improperly objected to producing any document he believes Plaintiff may already posses; and (d) has claimed an accountant-client privilege which is not recognized by Kansas law.

---

[2] In connection with compliance with court rules or orders, Plaintiff's response is forty-one pages long – far in excess of the 30-page limit established by the court in the scheduling order in this case. *See* Doc. 36 at ¶ IV(h); Doc. 168 at ¶ III(g) and Doc. 196 at ¶ III(g).

In his response, Evans argues that the motion to compel seeks documents that have already been produced months ago, and that the additional requests for information and documents by Plaintiff are not relevant and are designed only to harass Evans.

In reply, Plaintiff argues that Evans' response did not address many of the specific issues raised in the motion to compel, and urges that Evans has waived all privilege claims by failing to produce a timely privilege log.

**DISCUSSION**

**I. The Pending Motions**

As previously noted, the court has deferred ruling on the above motions awaiting a ruling by the District Judge on three related motions. Now that the District Judge has refused to reconsider the prior order dismissing the GreenHunter Defendants for lack of personal jurisdiction, they are no longer parties to this action. Likewise, the District Judge's order dismissing Plaintiff's claims against Defendant Evans for failure to advance Evans' defenses costs removes Evans as a party to this action. As a result, several of the above motions are effectively moot.

Defendants' motion for a protective order against Plaintiff to prevent Plaintiff from conducting any further discovery in this case is effectively moot as to all pending discovery requests and deposition notices served on Evans and the

6

GreenHunter Defendants. Because the GreenHunter and Evans Defendants are no longer parties in this case, Plaintiff cannot pursue discovery against them in this case <u>by the previously served (or future) document requests, interrogatories or notices to take depositions.</u>

However, Plaintiff is legally entitled to seek discovery and/or trial evidence from Evans and the GreenHunters by means of depositions and accompanying requests for production of documents <u>if</u> Plaintiff complies with the requirements of Rule 45, Fed. R. Civ. P. by properly issuing and serving appropriate subpoenas and by conducting those depositions in the states where Defendants are located. With the exception of one outstanding subpoena to a director of the GreenHunter Defendants for a deposition in Texas, the previous discovery which Plaintiff seeks against Evans and the GreenHunter entities was <u>not</u> sought by means of a properly issued and served subpoena.

To the extent that Evans and the GreenHunter entities seek an order which would prevent Plaintiff from pursuing appropriate discovery in the future by means of properly issued and served subpoenas, the motion is denied. First, any such request is not related to a existing dispute presently before the court and therefore effectively seeks an advisory opinion as to possible future matters. If Plaintiff seeks discovery through proper subpoenas, Evans and the GreenHunter entities

may seek appropriate protection against undue burden pursuant to the provisions of the federal rules. *See* Fed. R. Civ. P. 45(c).[3]

Likewise, Plaintiff's motion to compel directed to discovery served on Defendant Evans in this case is effectively moot. Since Evans is no longer a party to this case and since Plaintiff cannot pursue discovery against him except through use of a subpoena, Plaintiff cannot now seek to enforce prior discovery served on Evans while he was a party. Plaintiff's motion is directed to discovery that was served in June 2009. At that time, Evans was still a party to this case. Plaintiff sought to extend the time required under the rules for filing a motion to compel and the court granted those requests. Plaintiff ultimately filed the motion to compel in November 2009. By that time, Evans had filed his motion seeking dismissal due to Plaintiff's inability to pay Evans' legal costs as ordered by the court. *See* Doc. 265 (filed September 8, 2009). Because Plaintiff did not pursue a motion to compel earlier, and because Evans is no longer a party under the court's continuing jurisdiction in this case, the court can not now grant Plaintiff's motion to compel and the motion is denied.

The motion for sanctions by Evans and the GreenHunter entities is in a

---

[3] Any action seeking to quash or prevent or limit the scope of discovery sought through a subpoena must be presented to the court which issued the subpoena. *See* Fed. R. Civ. P. 45(c)(3).

slightly different procedural posture. To the extent that these former defendants seek, as a sanction, an order that Plaintiff be precluded from engaging in any further discovery, the motion is moot as to any pending discovery served in the case by any means other than through issuance of a proper subpoena, and is denied as to any future discovery sought by Plaintiff through use of a proper subpoena.

To the extent that the motion requests, as a sanction, that Plaintiff's motion for leave to file a second amended complaint be stricken, the motion is moot. The District Judge has already denied Plaintiff's motion to amend. *See* Doc. 366.

Likewise, the request in the motion for an extension of time for Defendants to designate experts, is moot . First, at the hearing on October 7, 2009, the parties presented the Court with a proposed revised schedule which extended the time for all defendants to serve expert discovery. More importantly, neither Evans nor the GreenHunter entities are now required to serve expert disclosures since they are no longer parties in this case.

This leaves two remaining requested sanctions: that Plaintiff be precluded from using at trial any documents first produced during the alleged "document dump" by Plaintiff in August 2009, and that Plaintiff be required to pay copy expenses related to documents produced during this alleged document dump. After considering Plaintiff's explanation of the circumstances surrounding its late

production of documents, mainly documents retained in electronic format, the court concludes that this late document production does not warrant either of these requested sanctions. This is particularly true in light of the fact that Plaintiff has effectively suffered a more severe sanction in the form of the dismissal of its claims against both Evans and the GreenHunter entities in this case.

**IT IS THEREFORE ORDERED THAT** Defendant Gary C. Evans and GreenHunter Defendants' Emergency Motion for Protective Order (Doc. 281) is denied in part and found to be moot in part;

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Compel Regarding First Requests for Production of Documents and First Set of Interrogatories to Gary Evans (Doc. 318) is denied; and

**IT IS FURTHER ORDERED THAT** Defendant Gary C. Evans and GreenHunter Defendants' Motion for Sanctions (Doc. 284) is denied in part and found to be moot in part.

## II. Revisions to the Scheduling Order

Finally, at the October 7, 2009 hearing, the parties presented the Court with a proposed revised schedule which the parties believed could preserve the current trial date of July 27, 2010. Subsequently, the parties submitted a Joint Report

(Doc. 321) that included only slight revisions to the schedule presented at the hearing, and which included additional deadlines for the filing and handling of motions to compel. The parties' proposed schedule changed the following dates:

| | |
|---|---|
| Defendants' Expert Disclosures | December 1, 2009 |
| Fact Discovery Closes | December 14, 2009 |
| Rebuttal Expert Disclosures | January 13, 2010 |
| Expert Discovery Closes | January 29, 2010 |
| Identify Mediator | November 13, 2009 |
| Mediation to be Completed by | January 15, 2010. |

All of the remaining deadlines and hearings set in the Court's Final Scheduling Order (Doc. 232) entered on July 28, 2009, were unchanged, including:

| | |
|---|---|
| Draft Pretrial Order to Magistrate Judge | January 6, 2010 |
| Final Pretrial Conference | January 14, 2010 at 10:30 a.m. |
| Deadline for Dispositive Motions | February 1, 2010 |
| Responses to Dispositive Motions | February 24, 2010 |
| Replies to Dispositive Motions | March 19, 2010 |
| Deadline for *Daubert* Motions | June 1, 2010 |
| Deadline for *In Limine* Motions and Jury Instructions | July 12, 2010 |
| Objections to *In Limine* Motions | July 19, 2010 |

11

    and Jury Instructions

    *In Limine* Conference                              July 21, 2010 at 2:30 p.m.

    Jury Trial                                            July 27, 2010 at 9:00 a.m.

During the October 7 hearing, Plaintiff indicated that the proposed schedule was possible even if the Court granted its motion for leave to file a second amended complaint. Defendants reluctantly stated that this schedule could probably work but that if the motion for leave to amend were granted there would be more expert issues. Now that the District Judge has denied the motion to amend the complaint, the Court assumes that the parties can comply with the proposed schedule and it is formally adopted as an Order of the Court.

The Court also adopts the provisions of the Joint Report (Doc. 321) concerning the handling of motions to compel. The Court notes that the parties have already complied with the proposed deadlines in filing several motions to compel since the October 7, 2009 hearing. *See e.g.*, Doc. No's 331, 347, 361 and Doc. No's 333, 353, 363.

**IT IS THEREFORE ORDERED** that the Court's Final Scheduling Order (Doc. 232) entered on July 28, 2009 is hereby amended as set out above in this Memorandum and Order.

Dated at Wichita, Kansas, on this 22nd day of December, 2009.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge